USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/21/2026

**MEMORANDUM ENDORSEMENT**

7:25-cv-10091-NSR

Kanellos v. Rockland County Child Protective Services et al.

       The Court is in receipt of *pro se* Plaintiff's motion seeking leave to conduct limited discovery for the purpose of effecting service upon two retired employees of the Rockland County Child Protective Services ("CPS").  (ECF No. 17.)  At this time, the Court DENIES Plaintiff's motion without prejudice.  Plaintiff is instead directed to inquire with the Rockland County Law Department on whether they will accept service on behalf of the two retired CPS employees and inform the retired CPS employees about the pending lawsuit.  Plaintiff is directed to do so by June 1, 2026.  In turn, the Rockland County Law Department is directed to respond by June 22, 2026, on whether they will accept service on behalf of the two retired CPS employees.  In the event the Rockland County Law Department is unable to accept service on behalf of the two retired CPS employees, Plaintiff may renew his request for limited discovery for the purpose of identifying an address at which service may be effected.

       The Clerk of Court is respectfully directed to (1) terminate the motion at ECF No. 17 and (2) mail a copy of this Endorsement to *pro se* Plaintiff at the address listed on ECF, and to show service on the docket.

Dated: May 21, 2026
      White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

EUGENIA KANELLOS,

                                                             Plaintiff,

-against-                                              **Case No. 7:25-cv-10091-NSR**

COUNTY OF ROCKLAND, et al.,

                                                             Defendants.

**PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED, EXPEDITED DISCOVERY TO IDENTIFY SERVICE ADDRESSES**

**INTRODUCTION**

Plaintiff Eugenia Kanellos, proceeding *pro se*, respectfully moves this Court for an Order granting leave to conduct limited, expedited discovery for the sole purpose of identifying the current service addresses for two named Defendants: Carla Ortiz, the retired Director of Rockland County Child Protective Services (CPS), and Barbara Wilmit, a retired attorney for CPS. These individuals are necessary parties to this action, but because they are retired from public service, their last known addresses are no longer valid, and their current residential addresses are not publicly available.

Without leave to serve limited, third-party discovery requests upon their former employers and the state retirement system, Plaintiff will be unable to effectuate service of process as required by Rule 4 of the Federal Rules of Civil Procedure, thereby preventing this case from moving forward as to these Defendants. This narrowly tailored request is necessary, supported by good cause, and will not prejudice any party.

**STANDARD FOR GRANTING LEAVE**

Page 1 of 8

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

EUGENIA KANELLOS,

                                                    Plaintiff,

-against-                                          **Case No. 7:25-cv-10091-NSR**

COUNTY OF ROCKLAND, et al.,

                                                    Defendants.

**PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED, EXPEDITED DISCOVERY TO IDENTIFY SERVICE ADDRESSES**

**INTRODUCTION**

Plaintiff Eugenia Kanellos, proceeding *pro se*, respectfully moves this Court for an Order granting leave to conduct limited, expedited discovery for the sole purpose of identifying the current service addresses for two named Defendants: Carla Ortiz, the retired Director of Rockland County Child Protective Services (CPS), and Barbara Wilmit, a retired attorney for CPS. These individuals are necessary parties to this action, but because they are retired from public service, their last known addresses are no longer valid, and their current residential addresses are not publicly available.

Without leave to serve limited, third-party discovery requests upon their former employers and the state retirement system, Plaintiff will be unable to effectuate service of process as required by Rule 4 of the Federal Rules of Civil Procedure, thereby preventing this case from moving forward as to these Defendants. This narrowly tailored request is necessary, supported by good cause, and will not prejudice any party.

**STANDARD FOR GRANTING LEAVE**

Courts in this Circuit and others routinely grant motions for leave to conduct early or expedited discovery to identify defendants and their service addresses where good cause exists. *See Strike 3 Holdings, LLC v. Doe*, No. 24-CV-2647 (JMF), 2024 U.S. Dist. LEXIS 72053, at *2 (S.D.N.Y. Apr. 22, 2024). The standard for permitting such discovery is a flexible one of reasonableness and good cause. Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."* Id.*

Where a defendant's identity or location is unknown, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Flores v. C.A.R & Assocs.*, No. 23-cv-05244-JSC, 2024 U.S. Dist. LEXIS 79354, at *3 (N.D. Cal. May 1, 2024) (quoting Gillespie v. Civiletti, *629 F.2d 637, 642 (9th Cir. 1980)). A court may therefore allow "limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant."* Strike 3 Holdings, LLC v. Doe, *No. 23CV7212 (DLC), 2023 U.S. Dist. LEXIS 189196, at* 4 (S.D.N.Y. Oct. 20, 2023) (quoting *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999)).

Courts consider several factors to determine if good cause exists, including: (1) the timing of the request; (2) whether the request is narrowly tailored; (3) the purpose of the requested discovery; (4) whether discovery burdens the non-party; and (5) whether the non-party can respond to the request in an expedited manner. *See MIZRAHI v. ANNA*, No. 23-21013 (EP) (AME), 2023 U.S. Dist. LEXIS 198889, at *6 (D.N.J. Nov. 3, 2023).

## FACTUAL BACKGROUND

1. Carla Ortiz and Barbara Wilmit are named as Defendants in the operative Second Amended Complaint.

2.  Upon information and belief, Ms. Ortiz is the retired Director of the Rockland County Department of Social Services/Child Protective Services, and Ms. Wilmit is a retired attorney who represented that agency. Both are sued in their individual capacities for actions taken under color of state law.

3.  Plaintiff has made reasonable and diligent efforts to locate current service addresses for Ms. Ortiz and Ms. Wilmit through public records searches and online databases. These efforts have been unsuccessful, primarily because their status as retired public employees means their professional addresses are no longer valid and their personal contact information is not publicly available.

4.  Federal Rule of Civil Procedure 4(e) governs service of process upon individuals within a judicial district of the United States. It requires either personal delivery of the summons and complaint or "leaving a copy of each at the individual's dwelling or usual place of abode." Fed. R. Civ. P. 4(e)(2)(B).

5.  Compliance with Rule 4(e) is currently impossible for Ms. Ortiz and Ms. Wilmit because their dwellings or usual places of abode are unknown to Plaintiff.

6.  The County of Rockland, as their former employer, and the New York State and Local Retirement System (NYSLRS), as the administrator of their public pensions, are reasonably believed to possess the last known mailing and residential addresses for these individuals in their personnel and/or retirement files.

## LEGAL ARGUMENT

### A. Good Cause Exists to Permit Limited Discovery

Plaintiff has demonstrated good cause for her request under the five-factor test. * **Timing:** The request is timely. The Court has not yet issued summonses for these defendants, and this discovery is a necessary prerequisite to the Clerk and the U.S. Marshals Service being able to effect service. * **Narrowly Tailored:** The discovery sought is exceptionally narrow. Plaintiff

Page 3 of 8

does not seek substantive information related to her claims; she requests only the most recent known mailing and/or residential addresses for Ms. Ortiz and Ms. Wilmit for the sole purpose of service. * **Purpose:** The purpose is fundamental to the judicial process: to provide notice to the defendants of the claims against them as required by the Federal Rules and the Constitution. Without this information, the claims against them cannot proceed. * **Burden:** The burden on the third-party custodians of these records (Rockland County and NYSLRS) is minimal. A search for a former employee's last known address in a personnel or retirement file is a routine administrative task that is not unduly burdensome or expensive. * **Expedited Response:** The targeted entities are sophisticated government agencies capable of responding to a subpoena for such limited information in an expedited manner.

The information sought is essential, and the need for it plainly outweighs any minimal burden or prejudice to the non-parties from whom it is sought.

### B. The Scope of Requested Discovery is Appropriately Limited

Plaintiff's request is not a fishing expedition. It is a targeted inquiry for a single piece of information: a viable address for service of process. Plaintiff proposes to obtain this information by serving subpoenas *duces tecum* on the following entities:

1. **County of Rockland (specifically its Department of Personnel and/or Department of Social Services):** As the former employer, the County is the most likely custodian of personnel files containing the last known home addresses for Ms. Ortiz and Ms. Wilmit.

2. **New York State and Local Retirement System (NYSLRS):** As the administrator of state pensions, NYSLRS maintains contact and mailing information for retirees to administer benefits and is therefore highly likely to have a current or recent address.

The subpoenas will command the production of documents sufficient to show the last known mailing and/or residential address for Carla Ortiz and Barbara Wilmit and will expressly state

Page **4** of **8**

that all other personal or confidential information (such as social security numbers, dates of birth, or financial data) should be redacted.

### C. Discovery is Necessary to Comply with Rule 4(e)

Rule 4 is not merely a technicality; it is the mechanism by which a court obtains personal jurisdiction over a defendant and by which a defendant receives constitutionally adequate notice of a suit. Fed. R. Civ. P. 4(e) provides clear methods for service on an individual, all of which presuppose that the plaintiff can locate the defendant. Where, as here, a plaintiff has exercised diligence but cannot locate retired officials through public means, limited discovery is the only viable path to satisfying the Rule's mandates.

### REQUESTED RELIEF

WHEREFORE, Plaintiff Eugenia Kanellos respectfully requests that the Court enter an Order:

1. Granting Plaintiff leave to conduct limited, expedited discovery prior to the Rule 26(f) conference;

2. Authorizing Plaintiff to serve subpoenas *duces tecum*, substantially in the form of those attached to the Proposed Order, upon the Rockland County Department of Personnel, the Rockland County Department of Social Services, and the New York State and Local Retirement System (NYSLRS);

3. Directing that said subpoenas be limited to seeking documents revealing the last known mailing and/or residential addresses for Carla Ortiz and Barbara Wilmit; and

4. Ordering the recipients of the subpoenas to respond within an expedited timeframe (e.g., twenty-one (21) days from service).

### CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to conduct limited, expedited discovery should be granted. The requested discovery is narrowly tailored, necessary to

effectuate service of process under Rule 4(e), and presents no undue burden or prejudice to any party.

Dated: May 18, 2026

Respectfully submitted,

Eugenia Kanellos **Eugenia Kanellos** *Pro Se Plaintiff*

Stephen Adler
Notary Public, State of Hawaii
My Commission Expires 05/18/2027

---

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2026, I will serve a true and correct copy of the foregoing

Motion for Leave to Conduct Limited, Expedited Discovery to Identify Service Addresses on

all counsel of record for the appearing defendants via the Court's CM/ECF system.

Eugenia Kanellos Pro Se

X _____

**Eugenia Kanellos Pro Se, May 18, 2026**

NOTARY CERTIFICATE
ON NEXT PAGE

---

## [PROPOSED] ORDER GRANTING LEAVE TO CONDUCT LIMITED, EXPEDITED DISCOVERY

## UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

EUGENIA KANELLOS,

Plaintiff,

-against-                                          **Case No. 7:25-cv-10091-NSR**

TOWN OF CLARKSTOWN, et al.,

Defendants.

Page **6** of **8**

STATE OF HAWAII

CITY AND COUNTY OF HONOLULU } SS

## Sworn Statement

Subscribed and sworn to (or affirmed) before me on this _18_ day of ___May___, 20_26_, by _Eugenia Kanellos_ who proved to me on basis of satisfactory evidence to be the person(s) who appeared before me.

Stephen Adler, Notary Public
My commission expires:  05/18/2027

Document description: _Plaintiffs Motion for Leave to Conduct Limited, Expedited Discovery to Identify Service Addresses_

Date of document: _05/18/26_ Number of pages: _8_

Date of notarization: _05/18/2026_

Notary Public signature

Stephen Adler
Notary Public, State of Hawaii, First Circuit Court
Commission No. 03-267

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED, EXPEDITED DISCOVERY TO IDENTIFY SERVICE ADDRESSES**

Upon consideration of Plaintiff Eugenia Kanellos's Motion for Leave to Conduct Limited, Expedited Discovery (the "Motion"), and for good cause shown, it is hereby ORDERED:

1.  Plaintiff's Motion is **GRANTED.**

2.  Plaintiff is granted leave, prior to the conference required by Fed. R. Civ. P. 26(f), to serve subpoenas *duces tecum* upon the Rockland County Department of Personnel, the Rockland County Department of Social Services, and the New York State and Local Retirement System (NYSLRS).

3.  The scope of the subpoenas shall be limited to the production of documents sufficient to identify the last known mailing and/or residential address for the following individuals:

    –   **Carla Ortiz** (Retired Director, Rockland County DSS/CPS)

    –   **Barbara Wilmit** (Retired Attorney, Rockland County DSS/CPS)

4.  The subpoena recipients are instructed to redact all other personal identifying information, including but not limited to Social Security numbers, dates of birth, and financial account information, prior to production.

5.  The subpoena recipients shall produce the requested documents to Plaintiff within **twenty-one (21) days** of the date of service of the subpoena.

6.  Plaintiff shall use the information obtained exclusively for the purpose of effectuating service of process in this matter and shall not disclose it for any other purpose. Upon effectuating service, Plaintiff shall file a notice with the Court confirming that service has been completed.

**SO ORDERED.**

**SO ORDERED.**

X_____

Dated: _____, 2026

_____

**THE HONORABLE NELSON S. ROMÁN UNITED STATES DISTRICT JUDGE**