USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/27/2026__

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF

EUGENIA KANELLOS, Plaintiff Pro Se,                    Case No 7:25-CV-10091-NSR

-against-                                              Judge Nelson S. Roman

COUNTY OF ROCKLAND, TOWN OF CLARKSTOWN, OFFICER JASON

GIOSEFFI, ROCKLAND COUNTY CHILD PROTECTIVE SERVICES, JOAN

SILVESTRI, BARBARA WILMIT, CARLA ORTIZ, VANESSA TORRES, JILL

STOLL, MADELIN DELEON, ROLLIN AURELIEN, KIM ROWEN DELSON,

JOLIE ARANCIO, NADIA HAU, ELSA GONZALEZ, MARISE FEDE', SARAH

RAMOS, MYRIAM DORCLEY, YOLAINE ESTRELLA, MARIA GASTON-

DESIMONE, CLARKSTOWN CENTRAL SCHOOL DISTRICT, MARY

CHAMBERLAIN, VOLUNTARY COUNSELLING SERVICES, LEGAL AID

SOCIETY OF ROCKLAND COUNTY NY, JACQUELINE SANDS (2022-2025), and

CANDICE WHATLEY (2022-2025), Defendants.

*See* PDF pg. 14 Case No. 7:25-cv-10091-NSR

PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AND *and* AMENDED

COMPLAINT

**NOTICE TO THE COURT**

Plaintiff Eugenia Kanellos, appearing Pro Se, respectfully advises the Court that she is not an

attorney and is representing herself in this matter. Plaintiff deeply apologizes to the Court for

any procedural errors, formatting issues, or inconveniences that may result from her lack of

legal training. Plaintiff respectfully requests the Court's indulgence and guidance as she seeks to vindicate her constitutional rights and the rights of her minor child, M.C.

Plaintiff respectfully submits this Motion for Leave to File Supplemental Pleading pursuant to her approved In Forma Pauperis application filed with the Court..

## PRELIMINARY STATEMENT

Plaintiff EUGENIA KANELLOS ("Plaintiff"), by and through herself, respectfully moves this Court for an Order granting her leave to file the attached Supplemental and Second Amended Complaint (attached as Exhibit A). Plaintiff respectfully requests leave under Federal Rule of Civil Procedure 15(d) for claims based on post-filing events and occurrences, and, in the alternative, under Federal Rule of Civil Procedure 15(a) for claims based on newly discovered pre-filing evidence that could not have been discovered earlier with due diligence. This motion is based on both newly discovered evidence of events and transactions that occurred prior to the filing of the Second Amended Complaint, as well as events, transactions, and occurrences that have happened since the date of the pleading to be supplemented, all of which are directly relevant to Plaintiff's existing claims.

The proposed Supplemental and Second Amended Complaint seeks to add two new causes of action against Defendants BARBARA WILMIT ("Wilmit") and JACQUELINE SANDS ("Sands") for: (1) a Due Process violation under the Fourteenth Amendment for deliberately withholding exculpatory evidence (a *Brady* violation) and (2) a First Amendment violation for systematic retaliation and obstruction of Plaintiff's right to petition the courts.

This motion should be granted because the new claims are directly related to the existing claims, arise from the same core set of facts, promote judicial economy, and will not cause undue prejudice to the Defendants, as this case is in its earliest stages and no discovery has yet taken place.

## FACTUAL BACKGROUND

Plaintiff filed her Second Amended Complaint on May 18, 2026, in the NYSD, alleging numerous constitutional violations against Rockland County Department of Social Services ("CPS") employees, law enforcement, and other state actors related to the wrongful removal of her minor child, M.C., based on fabricated evidence and a pattern of malicious prosecution and due process violations.

Since the filing of that complaint, Plaintiff has obtained new and dispositive evidence demonstrating that certain Defendants, particularly CPS Caseworker Barbara Wilmit and Legal Aid Attorney Jacqueline Sands, engaged in a coordinated effort to suppress exculpatory evidence and actively obstruct Plaintiff's ability to present a defense in Family Court. This evidence includes, but is not limited to, email communications and official records showing that Defendants were aware of evidence that directly contradicted their allegations of neglect but intentionally withheld it from Plaintiff and her counsel.

In addition to post-filing events, Plaintiff has also discovered pre-existing evidence that was deliberately concealed from her during the Family Court proceedings and which she could not have discovered earlier with due diligence, despite exercising reasonable diligence. This includes internal CPS communications and case notes dating back to 2022-2024 that were never produced in discovery, as well as audio recordings of proceedings that were not previously available to Plaintiff.

This newly obtained evidence forms the basis for the supplemental claims of a *Brady* violation (Count XV) and First Amendment retaliation (Count XVI). Specifically, the evidence shows that Defendants Wilmit and Sands systematically and intentionally interfered with Plaintiff's due process rights and right to petition by: 1. **Withholding Exculpatory Evidence**: Knowingly failing to disclose reports, witness statements, and internal notes that would have exonerated Plaintiff from the neglect allegations. 2. **Obstructing Testimony**:

Conspiring to use bad-faith objections and procedural tactics in Family Court with the explicit purpose of preventing Plaintiff from presenting her evidence and testimony. These actions are not merely part of the original claims; they represent separate and distinct constitutional violations that demonstrate an even deeper level of bad faith and malicious intent than was known at the time the Second Amended Complaint was filed.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Leave to file a supplemental pleading should be "freely granted" when it will "promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." *Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989). Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course within 21 days after serving it, or at any time with the opposing party's written consent or the court's leave. The standard for granting leave to amend under Rule 15(a) is liberal, and leave should be 'freely given when justice so requires.' *Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts may grant leave to amend to add claims based on newly discovered evidence that existed prior to the filing of the original pleading but was not discovered despite due diligence.

Here, Plaintiff seeks leave under both Rule 15(a) and Rule 15(d). The claims based on newly discovered pre-filing evidence of Brady violations and obstruction—evidence that was deliberately concealed and could not have been discovered earlier despite due diligence—are properly brought under Rule 15(a). The claims based on post-filing events and occurrences are properly brought under Rule 15(d). In the alternative, if the Court determines that any

claims are more appropriately characterized as amendments rather than supplemental pleadings (or vice versa), Plaintiff respectfully requests that the Court grant leave under the applicable rule to ensure a full and fair adjudication of all claims.

The new claims are directly related to the original pleadings, as they concern the same parties and the same underlying unconstitutional child removal proceedings. Allowing the supplemental pleading will serve judicial economy by resolving all related claims in a single action. As the case is in its infancy, no responsive pleading has been filed, and no discovery has commenced, Defendants will suffer no undue prejudice.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion for Leave to File the proposed Supplemental and 2nd Amended Complaint attached hereto as Exhibit A, under Federal Rule of Civil Procedure 15(d) for claims based on post-filing events, and, in the alternative, under Federal Rule of Civil Procedure 15(a) for claims based on newly discovered pre-filing evidence. Plaintiff further requests that, in the event the Court determines that any claims are more appropriately brought under one rule rather than the other, the Court grant leave to file under whichever rule the Court deems applicable, so that the merits of Plaintiff's claims may be fully and fairly adjudicated.

Dated: May 21, 2026

Respectfully submitted,

X _Eyni_____ 5/21/26 **EUGENIA KANELLOS** Plaintiff, *Pro Se*

Eugenia Kanellos
P.O. Box 45
Pearl City, HI 96782
845-413-6407
kanelloseugenia@gmail.com

# EXHIBIT A

Supplemental and  Second Amended Complaint

Case No. 7:25-CV-10091-NSR

Judge Nelson S Roman

Eugenia Kanellos v County of Rockland , Et al

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

EUGENIA KANELLOS, on her own behalf and on behalf of her minor child, M.C.,

Plaintiff,                                        Case No. 7:25-CV-10091-NSR

Judge Nelson S. Roman

-against-

COUNTY OF ROCKLAND; TOWN OF CLARKSTOWN; OFFICER JASON
GIOSEFFI; ROCKLAND COUNTY CHILD PROTECTIVE SERVICES; JOAN
SILVESTRI, in her individual and official capacity; BARBARA WILMIT, in her
individual and official capacity; CARLA ORTIZ, in her individual and official
capacity; VANESSA TORRES, in her individual and official capacity; JILL STOLL, in
her individual and official capacity; MADELIN DELEON, in her individual and official
capacity; ROLLIN AURELIEN, in his individual and official capacity; KIM ROWEN
DELSON, in her individual and official capacity; JOLIE ARANCIO, in her individual
and official capacity; NADIA HAU, in her individual and official capacity; ELSA
GONZALEZ, in her individual and official capacity; MARISE FEDE', in her individual
and official capacity; SARAH RAMOS, in her individual and official capacity;
MYRIAM DORCLEY, in her individual and official capacity; YOLAINE ESTRELLA,
in her individual and official capacity; MARIA GASTON-DESIMONE, in her
individual and official capacity; CLARKSTOWN CENTRAL SCHOOL DISTRICT;
MARY CHAMBERLAIN, in her individual and official capacity; VOLUNTARY
COUNSELLING SERVICES; LEGAL AID SOCIETY OF ROCKLAND COUNTY
NY; JACQUELINE SANDS (2022-2025), in her individual and official capacity; and
CANDICE WHATLEY (2022-2025), in her individual and official capacity,

**Defendants.**

---

Case No. 7:25-cv-10091-NSR

**SUPPLEMENTAL AND SECOND AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

---

**NOTICE TO THE COURT**

Plaintiff Eugenia Kanellos, appearing Pro Se, respectfully advises the Court that she is not an attorney and is representing herself in this matter. Plaintiff deeply apologizes to the Court for any procedural errors, formatting issues, or inconveniences that may result from her lack of legal training. Plaintiff respectfully requests the Court's indulgence and guidance as she seeks to vindicate her constitutional rights and the rights of her minor child, M.C.

Plaintiff respectfully submits this Supplemental along with the Second Amended Complaint pursuant to her approved In Forma Pauperis application filed with the Court.

**PRELIMINARY STATEMENT**

1. This is a civil rights action for declaratory, injunctive, and monetary relief brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, to redress the deprivation of rights, privileges, and immunities secured by the Constitution and laws of the United States.

2. This Supplemental and Amended Complaint is filed pursuant to Federal Rule of Civil Procedure 15(d) to add claims based on events that have happened since the date of the pleading to be supplemented. Specifically, Plaintiff has discovered evidence demonstrating that Defendants engaged in a bad faith prosecution of the state court proceedings by intentionally withholding exculpatory evidence and systematically

12. Defendant BARBARA WILMIT is sued in her individual and official capacity as an attorney for the Rockland County Department of Social Services.- Retired.

13. Defendants CARLA ORTIZ, VANESSA TORRES, JILL STOLL, MADELIN DELEON, ROLLIN AURELIEN, KIM ROWEN DELSON, JOLIE ARANCIO, NADIA HAU, ELSA GONZALEZ, MARISE FEDE', SARAH RAMOS, MYRIAM DORCLEY, YOLAINE ESTRELLA, and MARIA GASTON-DESIMONE are sued in their individual and official capacities as caseworkers, supervisors, or employees of Rockland County CPS.

14. Defendant CLARKSTOWN CENTRAL SCHOOL DISTRICT is a municipal entity responsible for the operation of the schools M.C. attended.

15. Defendant MARY CHAMBERLAIN is sued in her individual and official capacity as an employee of the Clarkstown Central School District.

16. Defendant VOLUNTARY COUNSELLING SERVICES is a private entity that provided services related to the state court proceedings.

17. Defendant LEGAL AID SOCIETY OF ROCKLAND COUNTY NY is a legal services provider involved in the state court proceedings.

18. Defendant JACQUELINE SANDS is sued in her individual and official capacity as an attorney for the Legal Aid Society of Rockland County, NY, who represented M.C.

19. Defendant CANDICE WHATLEY is sued in her individual and official capacity as an attorney for the Legal Aid Society of Rockland County, NY, who represented M.C.

## STATEMENT OF FACTS

20. Plaintiff incorporates the facts alleged in her Second Amended Complaint Dated May 18, 2026, as if fully set forth herein.

21. Throughout the Neglect proceedings in 2024-2025, Plaintiff obtained from her Family Court counsel documentary evidence that had been provided by Defendant Barbara

Wilmit, counsel for CPS, Jaqueline Sands, and M.C.'s school, during the state court proceedings.

22. This evidence included, but was not limited to, internal CPS emails, case notes, and communications that were known to Defendants during the pendency of the Family Court neglect proceeding but were never disclosed to Plaintiff or her counsel in a timely or complete manner.

23. The withheld evidence demonstrates that CPS and its employees, including caseworkers named herein, knew that the allegations of neglect against Plaintiff were unsubstantiated and that M.C.'s outcries of abuse by her adoptive parents were credible.

24. The sound recordings from the Family Court proceedings objectively prove that every time Plaintiff attempted to introduce evidence of M.C.'s abuse or challenge the basis for the neglect finding, Defendants Barbara Wilmit and Jacqueline Sands lodged improper and repetitive objections.

25. These objections were sustained by the Family Court, effectively preventing Plaintiff from creating a record, presenting a defense, or exercising her First Amendment right to petition the court for redress of grievances.

26. The pattern of withholding exculpatory evidence and obstructing testimony demonstrates a coordinated effort by Defendants to prolong the state court proceedings in bad faith, for the purpose of harassment, and in retaliation for Plaintiff's attempts to expose the truth about M.C.'s abuse.

## PRIOR PROCEEDINGS

27. Plaintiff filed her initial Complaint on December 5, 2025.

28. Plaintiff filed her Second Amended Complaint on May 18, 2026.

29. This Supplemental and Second Amended Complaint is based on newly discovered evidence of Defendants' bad faith conduct during the underlying state court proceedings, which directly impacts this Court's analysis under the *Younger* abstention doctrine.

**CLAIMS FOR RELIEF**

**(Counts I-XIV are incorporated by reference from the Second Amended Complaint)**

**COUNT XV: DEPRIVATION OF DUE PROCESS – BRADY VIOLATION (Against Defendant Barbara Wilmit and Rockland County DSS)**

30. Plaintiff realleges and incorporates paragraphs 1 through 29 of this Complaint.

31. As established in *Brady v. Maryland*, the government has a constitutional duty to disclose exculpatory evidence to a defendant in a criminal proceeding. This principle has been extended to child welfare proceedings where fundamental parental rights are at stake.

32. Defendant Barbara Wilmit, acting under color of state law as counsel for CPS, had a duty to disclose all material, exculpatory evidence to Plaintiff, including evidence that undermined the credibility of the neglect allegations and supported Plaintiff's claims of M.C.'s abuse.

33. Defendant Wilmit intentionally and willfully withheld evidence that was favorable to Plaintiff, including internal agency documents and communications showing that CPS knew its neglect case was without merit.

34. This deliberate concealment of evidence rendered the state court proceeding fundamentally unfair and deprived Plaintiff of her right to due process under the Fourteenth Amendment.

35. The County of Rockland is liable for this violation as it was caused by the actions of its final policymaking officials and its failure to adequately train or supervise its attorneys on their constitutional disclosure obligations.

## COUNT XVI: FIRST AMENDMENT RETALIATION AND OBSTRUCTION OF ACCESS TO COURTS (Against Defendants Barbara Wilmit and Jacqueline Sands)

36. Plaintiff realleges and incorporates paragraphs 1 through 35 of this Complaint.

37. The First Amendment protects the right of all persons to petition the government for a redress of grievances, which includes the right of meaningful access to the courts.

38. Plaintiff's attempts to testify and present evidence in Family Court regarding M.C.'s abuse and the falsity of the neglect allegations constituted protected activity under the First Amendment.

39. Defendants Barbara Wilmit and Jacqueline Sands, acting in concert and under color of state law, engaged in a systematic campaign of lodging frivolous, repetitive, and improper objections with the specific intent to prevent Plaintiff from presenting her evidence and testimony to the court.

40. This conduct was retaliatory in nature, designed to punish Plaintiff for challenging the official narrative of CPS and to obstruct her ability to seek judicial relief.

41. As a direct and proximate result of this retaliatory obstruction, Plaintiff was prevented from defending herself, the true facts were concealed from the court, and the unconstitutional deprivation of her custody of M.C. was prolonged to almost three years now.

42. This conduct deprived Plaintiff of her rights under the First and Fourteenth Amendments to the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Eugenia Kanellos respectfully requests that this Court enter judgment in her favor and against the Defendants, jointly and severally, for the following relief:

A. **CUMULATIVE COMPENSATORY DAMAGES**: An award of compensatory damages in the amount of **$52,500,000.00**, representing the sum of $50,000,000.00 sought in the Second Amended Complaint and an additional $2,500,000.00 for the constitutional injuries caused by the bad faith conduct, Brady violations, and First Amendment retaliation detailed herein.

B. **CUMULATIVE PUNITIVE DAMAGES**: An award of punitive damages against the individual Defendants in the amount of **$50,000,000.00**, representing the sum of $45,000,000.00 sought in the Second Amended Complaint and an additional $5,000,000.00 against Defendants Barbara Wilmit and Jacqueline Sands for their willful, malicious, and deliberate violation of Plaintiff's constitutional rights.

C. **ATTORNEYS' FEES AND COSTS**: An award of attorneys' fees and costs in the amount of **$1,800,000.00**, representing the sum of $1,500,000.00 sought in the Second Amended Complaint, an additional $250,000.00 for fees related to litigating these supplemental claims, and $50,000.00 in anticipated costs.

D. **TOTAL MONETARY RELIEF**: The total cumulative monetary relief sought in this action is **$104,300,000.00**. The damages have increased due to the discovery of Defendants' deliberate withholding of exculpatory evidence (Brady violation), systematic obstruction of Plaintiff's testimony, bad faith prolongation of state court proceedings, and retaliatory interference with Plaintiff's First Amendment rights, which constitute separate and additional constitutional violations warranting enhanced compensatory and punitive damages.

E. **DECLARATORY AND INJUNCTIVE RELIEF**: i. A declaration that the Defendants' actions violated Plaintiff's and M.C.'s constitutional rights. ii. An injunction ordering the

immediate return of M.C. to Plaintiff's care and custody if she is under 18. Mary has been

kept from Plaintiff for almost 3 years. iii. An injunction requiring the expungement of all

records related to the unlawful removal and the unfounded neglect indication.

F. **OTHER RELIEF**: Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: May 21, 2026

Respectfully submitted,

x _Eugenia Kanellos_  5/21/26

Eugenia Kanellos

**EUGENIA KANELLOS** Plaintiff, Pro Se
P.O. BOX 45,
Pearl City, HI 96782
845-413-6407
kanelloseugenia@gmail.com

**Plaintiff is permitted to file a Second Amended Complaint. Plaintiff is reminded that the Second Amended Complaint will act as the operative complaint in this action. Plaintiff must file the Second Amended Complaint by June 10, 2026. The Clerk of Court is respectfully directed to (1) mail a copy of this Endorsement to *pro se* Plaintiff at the address listed on ECF, and to show service on the docket, and (2) terminate the motions at EFF Nos. 25 and 26.**

**Dated: May 27, 2026**
**White Plains, NY**

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge