USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/29/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUGENIA KANELLOS,

Plaintiff,

-against-

ROCKLAND COUNTY CPS., et al.,

Defendants.

7:25-cv-10091 (NSR)

**ORDER**

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Eugenia Kanellos ("Plaintiff") has filed a "Petition for Removal, Injunction, and Transfer of State Court Proceedings to Federal Court" on July 22, 2026. (ECF No. 54.) Therein, Plaintiff seeks several forms of relief, including: (1) removal of her ongoing Rockland County Family Court proceeding to this Court; (2) a preliminary injunction staying state court proceedings; (3) transfer and consolidation of the Family Court matter with this action; (4) declaratory relief concerning the constitutionality of Defendants' alleged conduct; and (5) an order directing the immediate reunification of Plaintiff with her minor daughter. (*Id.* at 9–11.) None of Plaintiff's requested relief is available as a matter of law.

First, the Court cannot remove, transfer, or consolidate a pending Family Court proceeding. The federal removal statutes authorize removal only by a defendant in a state-court action. *See* 28 U.S.C. § 1441(a). Plaintiff consequently cannot rely on § 1441(a) as a basis for removal. Second, federal courts must abstain from interfering with ongoing state domestic-relations proceedings. Under the *Younger* abstention doctrine, abstention is appropriate where there are ongoing state proceedings that implicate important state interests and provide an adequate opportunity to raise constitutional challenges. *See Younger v. Harris*, 401 U.S. 37, 43–45 (1971). Family Court

custody proceedings fall squarely within that category because New York possesses an especially strong interest in administering its own child-custody proceedings. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013); *Falco v. Justs. of the Matrim. Parts of the Sup. Ct. of Suffolk Cnty.*, 805 F.3d 425, 427–28 (2d Cir. 2015); *Newsome v. New York City Fam. Ct.*, 2025 WL 1503854, at *3 (S.D.N.Y. May 27, 2025). The Court therefore may not interfere with the ongoing Family Court proceeding by enjoining, transferring, consolidating, or otherwise altering those proceedings, including through an order directing Plaintiff's reunification with her minor daughter or declaratory relief that would effectively invalidate or interfere with the state court's ongoing custody determinations. *See Samuels v. Mackell*, 401 U.S. 66, 73 (1971); *Disability Rts. New York v. New York*, 916 F.3d 129, 136 (2d Cir. 2019); *Bronx Defs. v. Off. of Ct. Admin.*, 475 F. Supp. 3d 278, 284 (S.D.N.Y. 2020).

For the foregoing reasons, Plaintiff's submission is DENIED. The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Plaintiff at the address listed on ECF, and to note service on the docket.

Dated: July 29, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge